IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Civil Action No. 1:23-cv-362 |
| PATRICK N. THAYER, | JURY DEMAND |
| Defendant. | |

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

The U.S. Securities and Exchange Commission ("Plaintiff" or "Commission") alleges as follows:

### SUMMARY

1. From approximately November 2013 through August 2022, Defendant Patrick N. Thayer ("Defendant" or "Thayer"), acting individually and through Broadway Financial Solutions ("Broadway Financial"), Defendant's tax preparation and investment advisory services business, misappropriated approximately $1.3 million in assets from a single client ("Client") for his personal benefit.

2. While perpetrating this fraud, Defendant was a registered representative of various broker dealers and managed the Client's account and those firms. During some of the

fraud, Defendant was also an associated person of an investment adviser and served as the Client's investment adviser.

3. Defendant perpetrated the fraud by establishing a bank account under the Client's name in November 2013 without the Client's knowledge or permission ("the Bank Account"). In setting up the Bank Account, Defendant forged the Client's signature on the account opening documents and used his Broadway Financial office address instead of the Client's home address. He also set up the account so that he could access and transfer funds from it.

4. Thereafter, on nearly a monthly basis from approximately November 2013 through August 2022, Defendant (i) sold assets in the Client's brokerage account, (ii) transferred the proceeds from those sales to the Bank Account, and (iii) withdrew the funds from that account, either by electronic transfer or drafting checks drawn on the account payable to himself and others. For the checks, Defendant forged the Client's signatures. The Client was not aware of and did not consent to any of the transfers that Defendant made from her brokerage account to the Bank Account, or transfers that Defendant made from the Bank Account to himself or others.

5. Through his conduct, Defendant has engaged in acts, practices, schemes, and courses of business that violated Sections 17(a)(1) and (2) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)]. Unless restrained and enjoined by this Court, Defendant will

continue to engage in the transactions, acts, practices, and courses of business alleged in this Complaint, and in transactions, acts, practices and courses of business of similar purport and object.

## JURISDICTION AND VENUE

6. The Commission brings this action pursuant to Sections 20 and 22 of the Securities Act [15 U.S.C. §§ 77t and 77v], Sections 21(d) and 21(e) of the Exchange Act [15 U.S.C. § 78u(d), (e)], and Sections 209 and 214 of the Advisers Act [15 U.S.C. §§ 80b-9 and 80b-14], to enjoin the Defendants from engaging in the transactions, acts, practices, and courses of business alleged in this Complaint, and transactions, acts, practices, and courses of business of similar purport and object, and for civil penalties and other equitable relief.

7. The Court has jurisdiction over this action pursuant to Section 22 of the Securities Act [15 U.S.C. § 77v], Sections 21(d), 21(e) and 27(a) of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e) and 78aa(a)], and Section 214 of the Advisers Act [15 U.S.C. § 80b-14].

8. Defendant, directly and indirectly, made use of the mails, the means and instruments of transportation or communication in interstate commerce, and the means and instrumentalities of interstate commerce in connection with the transactions, acts, practices, and courses of business alleged in this Complaint, and made use of the mails and means or instrumentality of interstate commerce to effect transactions, or to induce or to attempt to induce the purchase or sale of securities alleged in this Complaint.

9. Venue is proper in this district because certain of the transactions, acts, practices, and courses of business constituting violations of the Securities Act, Exchange Act

and Advisers Act occurred in the Southern District of Ohio and because defendant resides in the Southern District of Ohio.

## THE DEFENDANT

10. **Patrick N. Thayer,** age 47, is a resident of Cincinnati, Ohio.  He previously held Series 6, 7 and 66 licenses with the Commission.

11. Between 2010 and 2022, Thayer was a registered representative of four different broker dealers.  In late 2022, Thayer's employment with the last broker dealer was terminated. Effective February 21, 2023, the Financial Industry Regulatory Authority ("FINRA") barred Thayer from acting as, or associating with, a broker or dealer, based on his failure to respond to FINRA's requests for information.

12. Since at least May 2010, Thayer conducted business through his d/b/a, Broadway Financial Solutions.  Broadway Financial was not separately incorporated.

13. Through Broadway Financial, Thayer provided tax preparation services and investment services, including serving as a broker and agent of record for the clients' securities accounts, executing trades, including on a discretionary basis, and having periodic discussions with clients about their investments and investment objectives.

14. Thayer did not charge his clients fees for his investment services beyond the commissions he earned as a broker on the various transactions he performed on their behalf.

## **DEFENDANT'S MISAPPROPRIATION OF THE CLIENT'S ASSETS**

15. Thayer managed the Client's brokerage account since at least April 23, 2012. When Thayer moved to a different broker dealer, the Client moved her account to his new firm.

16. On November 14, 2013, Thayer established the Bank Account in the name of the Client without the Client's permission or knowledge.

17. When setting up the Bank Account, Thayer used his office address instead of the Client's home address and appears to have forged the Client's signature in opening and transfer documents.

18. Over the next several days, Thayer sold assets in the Client's brokerage account, which were mutual funds totaling $69,992, and, without the Client's knowledge or consent, transferred the proceeds to the Bank Account. Thayer then used those proceeds for his personal benefit, including to pay credit cards and make mortgage payments.

19. Thereafter, on a near-monthly basis from November 2013 until August 2022, Thayer repeatedly sold securities in the Client's brokerage account, transferred the sales proceeds to the Bank Account, and then used those funds to pay his personal and other expenses.

20. In some instances, Thayer withdrew funds from the Bank Account via electronic funds transfers. When doing so, Thayer misrepresented himself as the Client.

21. In other instances, Thayer drafted checks for his benefit and forged the Client's signature.

22. Because the Bank Account had Broadway Financial's office address, the statements for that account came to Thayer, rather than the Client.

23. Whenever Thayer transferred to a new broker dealer, he executed the account opening documents at the new firm on the Client's behalf, with minimal involvement by the Client. In doing so, Thayer provided the new brokerage firm with information for the Bank Account without the Client's knowledge or permission.

24. During some of the relevant time, Thayer also served as the Client's investment adviser.

25. Thayer's theft of the Client's assets continued until August 2022, when the Client communicated concerns to the brokerage firm about the transfers.

26. In total, it appears that Thayer misappropriated approximately $1,310,605 from the Client. The misappropriated funds were proceeds of securities sales executed by Thayer shortly before transferring the funds to the Bank Account.

## COUNT I

### Violations of Section 17(a)(1) of the Securities Act
### [15 U.S.C. § 77q(a)(1)]

27. Paragraphs 1 through 26 are hereby re-alleged and incorporated herein by reference.

28. From approximately November 2013 through August 2022, Defendant, in the offer and/or sale of securities, by the use of means and instruments of transportation and communication in interstate commerce and by use of the mails, directly and indirectly,

employed devices, schemes and artifices to defraud the Client and others, all as more particularly described above.

29. While engaging in the course of conduct described above, Defendant acted with scienter, that is, with an intent to deceive, manipulate, or defraud, or acted with a severely reckless disregard for the truth.

30. By reason of the foregoing, Defendant, directly and indirectly, has violated and, unless enjoined, will continue to violate Section 17(a)(1) of the Securities Act [15 U.S.C. § 77q(a)(1)].

## COUNT II

### Violations of Section 17(a)(2) of the Securities Act
### [15 U.S.C. § 77q(a)(2)]

31. Paragraphs 1 through 26 are hereby re-alleged and incorporated herein by reference.

32. From approximately November 2013 through August 2022, Defendant, in the offer and/or sale of securities, by the use of means and instruments of transportation and communication in interstate commerce and by use of the mails, directly and indirectly obtained money and property by means of untrue statements of material fact and omissions to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and

33. While engaging in the course of conduct described above, Defendant acted at least negligently.

34. By reason of the foregoing, Defendant, directly and indirectly, has violated and, unless enjoined, will continue to violate Section 17(a)(2) of the Securities Act [15 U.S.C. § 77q(a)(2)].

## COUNT III

**Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder
[15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5(a), (b) and (c)]**

35. Paragraphs 1 through 26 are hereby re-alleged and incorporated herein by reference.

36. From approximately November 2013 through August 2022, Defendant, in connection with the purchase or sale of securities, by the use of the means and instrumentalities of interstate commerce and by the use of the mails, directly and indirectly:

   a. employed devices, schemes, and artifices to defraud;

   b. made untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and

   c. engaged in acts, practices, and courses of business which would and/or did operate as a fraud and deceit upon the Client and/or others, all as more particularly described above.

37. In engaging in such conduct, Defendant acted with scienter; that is, with an intent to deceive, manipulate, or defraud, or acted with a severely reckless disregard for the truth.

38. By reason of the foregoing, Defendant, directly and indirectly, has violated and, unless enjoined, will continue to violate, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

### COUNT IV

**Violations of Section 206(1) of the Advisers Act**
**[15 U.S.C. § 80B-6(1)]**

39. Paragraphs 1 through 26 are hereby re-alleged and are incorporated herein by reference.

40. At times between approximately November 2013 and August 2022, Defendant, acting as an investment adviser, using the mails and the means and instrumentalities of interstate commerce, directly and indirectly, employed devices, schemes and artifices to defraud one or more advisory clients and/or prospective clients.

41. In engaging in such conduct, Defendant acted with scienter, that is, is, with intent to deceive, manipulate or defraud or acted with a severely reckless disregard for the truth.

42. By reason of the foregoing, Defendant has violated and, unless enjoined, will continue to violate Section 206(1) of the Advisers Act.

### COUNT V

**Violations of Section 206(2) of the Advisers Act**
**[15 U.S.C. § 80B-6(2)]**

43. Paragraphs 1 through 26 are hereby re-alleged and are incorporated herein by reference.

44. At times between approximately November 2013 and August 2022, Defendant, acting as an investment adviser, by the use of the mails and the means and

instrumentalities of interstate commerce, directly and indirectly, engaged in transactions, practices and courses of business which would and/or did operate as a fraud and deceit on one or more advisory clients and/or prospective clients.

45. While engaging in the course of conduct described above, Defendant acted at least negligently.

46. By reason of the foregoing, Defendant has violated and, unless enjoined, will continue to violate Section 206(2) of the Advisers Act.

## PRAYER FOR RELIEF

WHEREFORE, the Commission seeks the following relief:

### I.

Findings of fact and conclusions of law, pursuant to Rule 52 of the Federal Rules of Civil Procedure, finding that Defendant committed the violations alleged herein.

### II.

Permanent injunctions enjoining Defendant from violating, directly or indirectly, Sections 17(a)(1), (2) and (3) of the Securities Act [15 U.S.C. §§ 77q(a)(1), (2) and (3)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rules 10b-5(a), (b) and (c) thereunder [17 C.F.R. § 240.10b-5(a), (b) and (c)] and Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)].

### III.

An order requiring the disgorgement by Defendant of all ill-gotten gains or unjust enrichment with prejudgment interest, to effect the remedial purposes of the federal securities laws.

**IV.**

An order pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)] imposing civil penalties against Defendant.

**V.**

Such other and further relief as this Court may deem just, equitable, and appropriate in connection with the enforcement of the federal securities laws and for the protection of investors.

Dated: June 13, 2023.

Respectfully submitted,

/s/ *Robert F. Schroeder*
Robert F. Schroeder
Senior Trial Counsel
Georgia Bar No. 001390
Tel: (404) 942-0688
Email: schroederr@sec.gov

M. Graham Loomis
Regional Trial Counsel
Georgia Bar No. 457868
Tel: (404) 842-7622
Email: loomism@sec.gov

COUNSEL FOR PLAINTIFF
U.S. Securities and Exchange Commission
Atlanta Regional Office
950 East Paces Ferry Road, N.E., Suite 900
Atlanta, GA 30326-1382